**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ULU Care LLC, et al., | No. CV-25-02033-PHX-SHD |
| Plaintiffs, | **ORDER** |
| v. | |
| Luxury Lease Company, | |
| Defendant. | |

Pending before the Court is Defendant Luxury Lease Company's ("Luxury") Motion to Dismiss Case for *Forum Non Conveniens*, (Doc. 9). Plaintiffs ULU Care LLC and Ronnie Hale III (collectively, "Plaintiffs"), have responded, (Doc. 13), and Luxury replied, (Doc. 14). For the reasons stated below, the motion will be **granted**.

**I.     BACKGROUND**

Plaintiffs filed this case on June 11, 2025. (Doc. 1.) The Complaint alleges that Ronnie Hale, "as owner/managing of ULU Care LLC entered into a contract with Luxury Auto Lease for the lease of" three vehicles: a 2021 Ferrari 812 GTS Convertible, a 2021 Rolls-Royce Cullinan, and a 2022 Ferrari SF 90 Spider (the "Vehicles"). (*Id.* at 3–5.) The vehicles were valued at $685,000, $440,000, and $930,000, respectively. (*Id.*) Plaintiffs signed three Lease Agreements that detailed the terms of the leases, including monthly payments totaling well over $30,000. (*Id.*)

Plaintiffs allege that, in August 2023, Luxury demanded return of all three vehicles even though "Plaintiffs were in full compliance under all the terms of all Contracts." (*Id.*

at ¶ 47.) It appears that Luxury eventually took possession of the vehicles, though no specific allegation is made to that effect. (*See generally* Doc. 1.) Plaintiffs bring five claims against Luxury under Arizona law: (1) Breach of Contract; (2) Breach of Implied Warranty of Good Faith and Fair Dealing; (3) Replevin, under Ariz. Rev. Stat. § 12-1301; (4) Conversion; and (5) Unjust Enrichment/Quantum Meruit. (*Id.* at 8–11.)

Each of Plaintiffs' claims stem from the Lease Agreements governing Plaintiffs' lease of the Vehicles. The parties agree that the Lease Agreements contained the following provision regarding forum selection:

> In the event that any claim or dispute between Lessee and Lessor over the terms of this Lease or any Guaranty of the Lease is not arbitrated under paragraph number 32 hereof, I agree that non-exclusive jurisdiction and venue for such claims shall exist in the state courts located in Bergen County, New Jersey and the United States District Court for the District of New Jersey. I further agree and acknowledge that I may not sue Luxury Lease Partners in any jurisdiction or venue except Bergen County, New Jersey or the United States District Court for the District of New Jersey. As evidenced by my signature below, subject to the arbitration provisions, I submit to the personal jurisdiction and venue of the state court in Bergen Count New Jersey and Federal District Court in New Jersey, and agree that any and all claims or disputes pertaining to the Lease or Guaranty or to any matter arising out of or related to this Lease or Guaranty, which are initiated by me against you, to the extent, if any, that such claims or disputes are not subject to the provisions noted in the arbitration provision below, shall be brought in the state or federal courts located in Bergen County New Jersey and/or District of New Jersey. Further, I expressly consent to the jurisdiction and venue of the state court of Bergen County New Jersey and Federal District Court of New Jersey, as to any legal or equitable action that may be brought in such court by you, and waive any objection based on lack of personal jurisdiction, improper venue, or forum non conveniens with respect to any such action. I also acknowledge and agree that you reserve the right to initiate and prosecute any action against me in any court of competent jurisdiction, and I consent to such forum that you may elect.

(Doc. 9 at 27, 47, 67; Doc. 13 at 4.)[1]

On August 20, 2025, Luxury filed a motion to dismiss Plaintiffs' claims for forum non conveniens. (Doc. 13.) The deadline to respond to the motion was September 3, 2025,

---

[1] Luxury attached the three Lease Agreements at issue to its Motion to Dismiss. (Doc. 9 at 10–70.) Courts may consider evidence outside the pleadings on a motion to dismiss for forum non conveniens. *Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009).

two weeks after the motion was filed. *See* LRCiv. 7.2(c). On September 3, Plaintiffs filed a Motion for Ten Business Days to File Response to Defendant's Motion to Dismiss, requesting a new deadline of September 17, 2025. (Doc. 10.) The Court denied the motion because Plaintiffs did not comply with Local Rule 7.3(b), which requires any party moving for an extension of time to "state the position of each other party," or if unable to reach the other party, to include "a statement to that effect in" in the motion for an extension. The Court noted that Plaintiffs could refile their request for an extension if they complied with the Local Rules, (Doc. 11), but Plaintiffs did not refile.

On September 22, 2025—19 days after their Response was due, and five days after the deadline they proposed in their request for an extension—Plaintiffs responded to Luxury's motion to dismiss. (Doc. 13.) Plaintiffs did not seek leave of the Court to file their Response out of time. (*See id.*)

On September 29, 2025, Luxury timely replied. (Doc. 14.) Luxury argues that (1) Plaintiffs' response should be disregarded and the motion summarily granted pursuant to Local Rule 7.2(i); and (2) on the merits, the Court should enforce the forum selection clause contained in the parties' Lease Agreements.

## II.    LEGAL STANDARD

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Conts. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013). Typically, the forum non conveniens analysis requires courts to analyze certain private and public factors to determine the appropriate forum. *Id.* at 62–63. But when "the parties' contract contains a valid forum selection clause . . . [it] should be given controlling weight except in the most exceptional cases." *Id.* at 63. As a result, courts may only consider the public interest factors when a valid forum selection clause exists. *Id.* at 64. "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.*

"Forum selection clauses are presumed valid and should be enforced unless doing

so clearly would be unreasonable and unjust, or the clause was invalid for such reasons as fraud or overreaching." *Aquaquim SA de CV v. Env't Fluids Inc.*, 667 F. Supp. 3d 1003, 1007 (D. Ariz. 2023) (quotation marks omitted). "Well-established judicial policy favors the enforcement of forum selection clauses as representations of the parties' bargaining and mutual expectations" and the plaintiff "bears the heavy burden to show why the court should not enforce the forum selection clause." *Id.* (cleaned up).

### III.  DISCUSSION

#### A.  Failure to Comply with Local Rules

Under Local Rule 7.2(i), the Court may summarily grant any motion that "does not conform in all substantial respects with the requirements" of the Local Rules, including the failure to timely respond to motions. Plaintiffs did not respond to Luxury's motion to dismiss by the September 3, 2025 deadline. Instead, they requested an extension, which the Court denied without prejudice for failure to comply with the Local Rules. Rather than file a motion for an extension that complied with the Local Rules, Plaintiffs ignored the Court's order and filed a Response nearly three weeks after the deadline. They did not request leave to file out of time or acknowledge the Court's order denying their request for an extension. In short, Plaintiffs filed their Response in contravention of the Local Rules and the Court's orders. It is thus well within the Court's discretion to grant Luxury's motion summarily, for failure to comply with the Local Rules.

#### B.  Forum Non Conveniens

Because the merits of this case also warrant dismissal, they will be briefly addressed. The parties' Lease Agreements contain a forum selection clause. (*See* Doc. 9 at 27, 47, 67.) The Court therefore presumes the clause is valid, and Plaintiffs must demonstrate why enforcing the clause would be "unreasonable and unjust," or that the clause is "invalid for such reasons as fraud or overreaching." *Aquaquim*, 667 F. Supp. at 1007 (cleaned up).

Plaintiffs first argue that the forum selection clause is "illusory, unconscionable, non-mandatory and thus non-enforceable," because it initially states that "non-exclusive jurisdiction and venue . . . shall exist in the state Courts of Bergen County, New Jersey and

the United States District Court for the District of New Jersey." (Doc. 13 at 6.) Plaintiffs are correct that this sentence does not limit the courts in which they may file suit. The next sentence, however, does: "I further agree and acknowledge that I may not sue Luxury Lease Partners in any jurisdiction or venue except Bergen County, New Jersey or the United States District Court for the District of New Jersey." (*Id.*)

Plaintiffs seem to argue that these statements—that jurisdiction is "non-exclusive" on one hand, and limited to courts in New Jersey, on the other—are contradictory or render the forum selection clause ambiguous. (*See id.* at 6.) But the two sentences are consistent with the scheme set up by the forum selection clause. Unlike Plaintiffs, Luxury did not give up its right to bring suit in any court of competent jurisdiction. To the contrary, the parties' agreement explicitly "reserves [to Luxury] the right to initiate and prosecute any action against [Plaintiffs] in any court of competent jurisdiction." (Doc. 9 at 27, 47, 67.) Thus, jurisdiction in New Jersey is "non-exclusive" only as to Luxury, which may sue Plaintiffs in any court with jurisdiction.

Plaintiffs next argue that the forum selection clause is "non-exclusive, permissive, and unconscionable" because it is one sided: it allows Luxury to bring a claim against Plaintiffs in any court with jurisdiction but prohibits Plaintiffs from bringing suit anywhere but New Jersey. (Doc. 13 at 6.) Courts in this District have enforced similar one-sided forum selection clauses. *See e.g.*, *Desert Autosports LLC v. Auto. Fin. Corp.*, 2013 WL 4231151, at *1 (D. Ariz. 2013) (enforcing a one-sided forum selection clause when the Plaintiffs did not provide any authority or "evidence that the clause was the result of fraud or overreaching"). And Plaintiffs cite no authority for the proposition that a one-sided forum selection clause is unconscionable. (*See* Doc. 13 at 9–11 (citing cases regarding unilateral arbitration clauses, but no cases addressing forum selection clauses).)

Next, Plaintiffs argue that the arbitration clause in the Lease Agreements is unenforceable. This argument is largely irrelevant. Luxury seeks to enforce the forum selection clause, not the arbitration clause. Thus, the arbitration clause is not before the Court. To the extent Plaintiffs argue that the alleged unconscionability of the arbitration

- 5 -

clause renders the forum selection clause unenforceable, this argument is precluded by the plain language of the Lease Agreements. The forum selection clause begins with the phrase, "[i]n the event that any claim or dispute between Lessee and Lessor over the terms of this Lease or any Guaranty of the Lease is not arbitrated under paragraph number 32 hereof," and then details the fate of claims not arbitrated—namely that Plaintiffs must bring them in New Jersey, and Luxury may bring them in any court with jurisdiction. (Doc. 9 at 27, 47, 67.) If, as Plaintiffs assert, the arbitration clause is unenforceable, then their claims cannot be "arbitrated under paragraph number 32" of the Lease Agreements, and the forum selection clause is triggered. Thus, Plaintiffs' contention that the arbitration clause is unenforceable and that their claims are therefore, not arbitrable, all but guarantees that their claims belong in New Jersey, not Arizona.

Next, Plaintiffs argue that because the forum selection clause points to both a state and federal forum, the proper avenue for relief is a 28 U.S.C. § 1404(a) motion to transfer. However, when a forum selection clause points to both a state and federal forum, dismissal for forum non conveniens, rather than transfer under § 1404(a), is appropriate. *MJT Water Tech., LLC v. First Fed. Bank*, 2024 WL 5424411, at *13–14 (C.D. Cal. 2024) ("Because the forum selection clause points to a state as well as a federal forum, the court analyses the forum selection clause using forum non conveniens."). Plaintiffs have a choice between filing their claim in state court in Bergen County, New Jersey, or in federal court in the District of New Jersey; dismissal will allow Plaintiffs to make this decision, and refile in the court of their choice.

Plaintiffs cite *Atlantic Marine*, 571 U.S. 49 (2013) and *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205 (9th Cir. 2011) to support their position that a § 1404(a) motion is the correct avenue for relief. (Doc. 13 at 12–13.) But *Atlantic Marine* held that § 1404(a) only applies to "the subset of cases in which the transferee forum is within the federal court system." 571 U.S. at 580. Here, it is not the case that the "transferee forum is within the federal court system" as Plaintiffs can bring their claims in either state *or* federal court. Accordingly, this case is not among "the subset of cases" to which § 1404(a) applies.

- 6 -

Plaintiffs' citation to *Simonoff* is also inapposite. *Simonoff* simply interpreted a forum selection clause to determine whether the case could be brought in federal court. 643 F.3d at 1207 (holding that "[t]he district court did not err in declining to remand the case to state court" because "a forum selection clause that vests 'exclusive jurisdiction and venue' in the courts 'in' a county provides venue in the state and federal courts located in that county"). It says nothing of § 1404(a) or the doctrine of forum non conveniens. *See id.*

Finally, Plaintiffs attach the declaration of Robbie Hale, which states that he "electronically sign[ed] the contracts," which were presented to him "in fine print" "on a computer screen," and that had he "been aware that [he] would be required to litigate . . . in New Jersey, [he] would not have entered into the contracts." (Doc. 13-1 at 2.) Plaintiffs make no argument that Luxury engaged in fraud or coercion, stating only that "Ronnie was presented with the Contracts under circumstances which precluded reading or comprehending the Forum Selection and Arbitration Clauses." (Doc. 13 at 11.) This is insufficient to prevent enforcement of the forum selection clause. "[S]imply alleging that one was duped into signing the contract is not enough; to escape a forum selection clause on the grounds of fraud, a party must show that '*the inclusion of that clause in the contract* was the product of fraud or coercion.'" *Modius, Inc. v. Psinaptic, Inc.*, 2006 WL 1156390 at *6 (N.D. Cal. 2006) (quoting *Richards v. Lloyd's of London*, 135 F.3d 1289, 1297 (9th Cir. 1998)).

In sum, Plaintiffs have not carried the "heavy burden to show why the court should not enforce the forum selection clause." *Aquaquim*, 667 F. Supp. at 1007 (cleaned up).

Accordingly,

**IT IS ORDERED** granting Defendant Luxury Lease Company's Motion to Dismiss for Forum Non Conveniens. The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 18th day of February, 2026.

Honorable Sharad H. Desai
United States District Judge